### ADONIRAM J. M. WHITE *vs.* ANSEL P. CURTIS & others.

A devise in trust to apply the income, and, if necessary, the principal, to the support of the
testator's sons for life, and after their death to divide the remainder among his grand-
children, gives each grandchild a vested interest at the death of the testator, which will
descend to a granddaughter's illegitimate children under the Rev. Sts. *c.* 61, § 2.

PETITION for partition of land in Stoughton, of which Thomas
Curtis died seised, and disposed in his will by a residuary
devise and bequest to trustees ; " which estate said trustees
shall manage and improve at their discretion and apply so
much of the income thereof as they may deem necessary for
the comfortable support of my two sons, viz: Thomas Curtis,
Jr. and Nathaniel Curtis, or either of them, (should they be
unable to support themselves,) during their natural lives and a
decent burial after death, and it is my will that suitable grave-
stones may be procured for my children at the expense of my
estate, and if the income of said estate is not sufficient for the
purposes aforesaid and incidental charges, then the said trustees
may dispose of so much of the principal as may be necessary.
At the decease of both of my sons, the remainder of my estate
shall be equally divided amongst my grandchildren, and the
legal descendants of any that may be deceased (if any there
be) for their use and behoof forever ; it is to be understood that
each grandchild shall receive one share of said estate, and all
the descendants of a deceased grandchild (if any there be) shall
receive one share to be equally divided amongst them."

The two sons died without having exhausted the real estate
The petitioner was an illegitimate son of a granddaughter of
the testator, and the respondents were grandchildren of the
testator, living when he made his will, or the lawful heirs of
such grandchildren.   The case was submitted to the court upon
these facts.

*E. Wilkinson,* for the petitioner, cited *Nash* v. *Cutler,* 16 Pick.
491 ;   *Childs* v. *Russell,* 11 Met. 16 ;   *Eldridge* v. *Eldridge,* 9
Cush. 516; *Martin* v. *Kirley,* 11 Gratt. 67 ; 1 Jarman on Wills,
(3d Amer. ed.) 735 ; Rev. Sts. *c.* 61, § 2 ; *St.* 1851, *c.* 211

*N. C. Berry*, for the respondents. This was a contingent remainder, which vested at the termination of the trust estate. 1 Fearne Cont. Rem. (7th ed.) 217. *Olney* v. *Hull*, 21 Pick. 311. *Richardson* v. *Wheatland*, 7 Met. 169. *Blanchard* v. *Brooks*, 12 Pick. 63. *Holm* v. *Low*, 4 Met. 201. *Coster* v. *Lorillard*, 14 Wend. 300–302. By the term " legal descendants " the testator means lawful issue, and the words " all the descendants of a deceased grandchild," mean the kind of descendants first mentioned. Bouvier's Law Dict. " Descendants." 2 Jarman on Wills, 24, 25. *Bowers* v. *Porter*, 4 Pick. 208. *Corbin* v. *Healy*, 20 Pick. 514. *Malcolm* v. *Malcolm*, 3 Cush. 477.

METCALF, J. We are of opinion, on the authorities cited for the petitioner, that his mother took a vested interest, on the death of the testator, in the remainder which he devised to his grandchildren. The petitioner therefore inherits her estate in that remainder under the provision of the Rev. Sts. *c.* 61, § 2.

This view of the case renders it unnecessary to express an opinion on the question whether the petitioner is the " legal descendant" of Susan Lothrop, within the meaning of the testator's will. *Judgment for partition.*